## Hoffman v. Hoffman

*Hyman Goldstein,* for plaintiff.

SHUGHART, P. J., April 10, 1952.—The complaint in the above action in divorce alleges that defendant offered indignities to the person of plaintiff and further that defendant on various occasions committed adultery with a person or persons not known to plaintiff. At the hearing before the master, one of the parties with whom defendant allegedly committed adultery was identified by name. It does not appear that this corespondent was notified of the fact that he had been so named, nor was he given an opportunity to be heard. The action is uncontested.

Pennsylvania Rules of Civil Procedure 1136 provides that if a person is named in the pleadings, ". . . *or in the course of the hearing,* as a corespondent in an action on the ground of adultery, the plaintiff shall give him ten (10) days' written notice, either per-

sonally or by registered mail directed to his last known address, of the pendency of the action, that he has been named as a corespondent, and the time and place at which he may appear and be heard." (Italics supplied.)

The master properly recommended that a decree be granted on the ground of indignities only, since the evidence was insufficient to prove adultery. The failure to recommend a decree of divorce on the ground of adultery does not obviate the necessity of giving the notice provided for in Pa. R. C. P. 1136: Artz v. Artz, 69 D. & C. 512. It is true, of course, that a decree on the ground of indignities only would contain no prohibition against a marriage of defendant with the corespondent, but this result is not the only reason that our divorce laws have long required notice to be given to a corespondent named in a divorce action.

Not only does the naming of a person as a corespondent in an action on ground of adultery have a deleterious effect on his character and reputation, but also it imputes to such person the commission of a crime under the laws of the Commonwealth. In a divorce action, the accusation of immoral and criminal conduct is not made by mere word of mouth so that it may be soon forgotten but is transcribed and becomes a part of a public record where it will remain for public inspection. It is readily conceivable that if no notice were given a person named as corespondent, he might well first learn of the public accusation against him so belatedly that, either because of the death or absence of the one making the accusation, his right to have the wrong rectified would be unenforcible. A realization of the harm to a person innocently charged clearly demonstrates that the requirement of notice to a corespondent must be rigidly enforced: Brower v. Brower, 157 Pa. Superior Ct. 426; Nace v. Nace, 16 D. & C. 528; Artz v. Artz, supra.

Our Supreme Court has recently stated in Phipps v. Phipps, 368 Pa. 291, that evidence of a defendant's adultery is admissible on a charge of indignities. Since this is now the law, in view of the great harm that could befall an innocent person named as a corespondent without his knowledge, there would appear merit to an extension of the provisions of Pa. R. C. P. 1136 to require notice to any person accused of committing adultery with defendant even though the divorce is sought on the grounds of indignities rather than adultery. The experience of this court has been that the testimony in not a few actions alleging indignities to the person discloses adulterous conduct on the part of defendant with persons not a party to the proceedings. Such charges are easily made and sometimes recklessly so and innocent parties can only have their reputations protected by a requirement that they receive notice and be given an opportunity to refute a baseless charge.

The evidence offered in support of indignities consisted of a detailed account of one flagrant episode in which defendant engaged. The testimony regarding her conduct prior to that act which resulted in a separation and led to this action consisted of generalities and conclusions drawn from facts not shown in the record. These have no probative value.

To constitute indignities there must be a course of conduct; no single act of indignity is a sufficient cause for divorce: Donnelly v. Donnelly, 76 Pa. Superior Ct. 92; Krupp v. Krupp, 95 Pa. Superior Ct. 474. The testimony concerning the one occasion when defendant misconducted herself, covering a comparatively short period, was not supported by the general statement that she was seen on more than one occasion in the company of men other than her husband without any detail as to the circumstances under which she was so accompanied.

Since this matter must be returned to the master so that notice be given corespondent and an opportunity afforded him to appear at a hearing, the other deficiencies in the record may at that time be corrected.

And now, April 10, 1952, at 11 a.m., the above-captioned matter is referred back to the master heretofore appointed, for further proceedings consistent with this opinion.